B2500A (Form 2500A) (12/15)

# CERTIFICATE OF SERVICE

I, __Charles E. Nye_____ (name), certify that service of this summons and a copy of the complaint was made __January 12, 2018_____ (date) by:

- ☒ Mail service: Regular, first class United States mail, postage fully pre-paid, addressed to:
  Patricia Jane Porter, 3834 Rosedale Lane, Douglasville, GA 30135 (and via certified mail); and
  Howard P. Slomka, Esq., Overlook III, 2859 Paces Ferry Rd., SE, Suite 1700, Atlanta, GA 30339

- ☐ Personal Service: By leaving the process with the defendant or with an officer or agent of defendant at:

- ☐ Residence Service: By leaving the process with the following adult at:

- ☐ Certified Mail Service on an Insured Depository Institution: By sending the process by certified mail addressed to the following officer of the defendant at:

- ☐ Publication: The defendant was served as follows: [Describe briefly]

- ☐ State Law: The defendant was served pursuant to the laws of the State of _____, as follows: [Describe briefly]

If service was made by personal service, by residence service, or pursuant to state law, I further certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made.

Under penalty of perjury, I declare that the foregoing is true and correct.

Date __1/12/18_____    Signature __/s/ Charles E. Nye_____

Print Name: __Charles E. Nye_____

Business Address: __601 Pacific Avenue_____

__Bremen, GA  30110_____

## U.S. Bankruptcy Court
## Northern District of Georgia

In re:

**PATRICIA JANE PORTER**

Bankruptcy Case No. **17-42346-mgd**

Debtor

Adversary Proceeding No. **18-04001-mgd**

**EDWARD SCOTT &MARY RICE**

Plaintiff

v.

**PATRICIA JANE PORTER**

Defendant

*SUMMONS IN AN ADVERSARY PROCEEDING*

**YOU ARE SUMMONED** and required to submit a motion or answer to complaint which is attached to this summon to the Clerk of the Bankruptcy Court within 30 days from the date of issuance of this summons, except that the United States and its offices and agencies shall submit a motion or answer to the complaint within 35 days of issuance.

| Address of Clerk |
|---|
| Clerk, U.S. Bankruptcy Court<br>Northern District of Georgia<br>600 East First Street<br>Room 339 Federal Building, Rome GA 30161-3187 |

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

| Name and Address of Plaintiff's Attorney |
|---|
| Charles E. Nye<br>601 Pacific Avenue<br>Bremen, GA 30110 |

If you make a motion, your time to answer is governed by Federal Rule of Bankruptcy Procedure 7012.

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGEMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

*Date Issued:*

01/8/2018

M. Regina Thomas, Clerk Of Court



IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 7 |
| Patricia J. Porter, | CASE NO. 17-42082-PWB |
| DEBTOR, | |
| EDWARD SCOTT RICE AND MARY RICE, | ADVERSARY PROCEEDING |
| | NO.: _____ |
| PLAINTIFFS, | |
| VS. | |
| PATRICIA J. PORTER, | |
| DEFENDANT. | |

**COMPLAINT TO DETERMINE THE DISCHARGEABILITY OF A DEBT PURSUANT TO 11 U.S.C. §§ 523(a)(2), 523(a)(4)**

COMES NOW, Plaintiffs, Edward Scott Rice and Mary Rice ("the Rices"), by and through their undersigned counsel and pursuant to 11 U.S.C. § 523(a)(2) and Rule 7001 of the Federal Rules of Bankruptcy Procedure, files this Complaint to Determine the Dischargeability of a Debt Pursuant to 11 U.S.C. § 523(a)(2) and § 523(a)(4) against Patricia J. Porter ("Porter"), and states as follows:

### I. Parties

1. On October 4, 2017 (the "Petition Date"), Porter filed a voluntary petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Georgia (the "Bankruptcy case").

2. Pursuant to Bankruptcy Rule 4007, the deadline within which to timely file complaints to determine the dischargeability of debts in the Bankruptcy Case is January 5, 2018, which has not yet passed.

3. Porter is an individual and, upon information and belief, a resident of Georgia.

4. The Rices are residents of Georgia, and are creditors of Porter.

## II. Jurisdiction and Venue

5. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

6. Venue of this proceeding is proper in this District pursuant to 28 U.S.C. § 1409.

7. This adversary proceeding is a core proceeding under 28 U.S.C. § 157 (b)(2).

### III.  FACTUAL ALLEGATIONS

#### A. The Agreement to Sell Real Estate Contract

8. On or about December 3, 2016, Porter executed an Agreement to Sell Real Estate Contract ("the Contract"), pursuant to which The Rices promised to purchase from Porter real property located at 548 Agan Road, Bremen, GA ("the Property"), that Porter owned in Haralson County, Georgia. A true and accurate copy of the contract is attached hereto as "**Exhibit A**."

9. The Rices agreed to purchase the Property for $125,000.00, dependent on the Rices arranging suitable financing within 90 days.

10. The Rices paid Porter $20,000.00 as an Earnest money deposit for the Property. A true and accurate copy of the contract is attached hereto as "**Exhibit B**."

11. The Contract included a clause which provide that if the Rices were "unable to obtain suitable financing at least thirty (30) days prior to closing, then this money will be returned to the Buyer without penalty or interest."

12. The Rices were unable to obtain suitable financing.

13. The Rices properly demanded the earnest money deposit back.

14. The Rices complied with the terms of the contract.

15. The earnest money deposit was never Porter's to use as her own.

16. Porter did not refund The Rices the $20,000.00 which they paid her for as

an earnest money deposit on the Property.

17. The intentional misrepresentations made by Porter caused The Rices to deposit with her $20,000.00 as earnest money which Porter knew she would not return to the Rices.

18. The amount due and owing from Porter to The Rices is $20,000.00.

### B. Basis for Relief

19. Porter obtained money from The Rices by false pretenses, false representations, and/or actual fraud.

20. At the time Porter made the representations or omission of material fact to The Rices that are set forth above, Porter knew they were false.

21. Porter made the representations of omission of material fact to The Rices that are set forth above with the intention and purpose of deceiving The Rices.

22. The Rices relied on the representations or omission of material fact made by Porter to The Rices that are set forth above.

23. The Rices's reliance on the representations or omission of material fact made by Porter to The Rices that are set forth above was justified.

24. As a proximate result of the representations or omissions of material fact made by Porter to The Rices that are set forth above, The Rices have sustained loss and have been damaged.

25. By executing the Contract, Porter and the Rices intended to create an express or technical trust with respect to the earnest money.

26. Porter was Trustee and the Rices were beneficiaries with respect to the earnest money.

27. There was a fiduciary relationship between Porter and the Rices.

28. Porter did not have unrestricted use to the earnest money.

29. Porter was not entitled to treat the earnest money as her own.

30. Upon information and belief, Porter misappropriated the earnest money.

31. Upon information and belief, Porter appropriated the earnest money for her own use or benefit.

32. Upon information and belief, Porter appropriated the earnest money with fraudulent intent.

33. Upon information and belief, Porter converted the earnest money.

34. The representations, acts, and omission of material fact made by Porter to The Rices that are set forth above were wrongful.

35. The representations, acts, and omission of material fact made by Porter to The Rices that are set forth above were done intentionally.

36. The representations, acts, and omission of material fact made by Porter to The Rices that are set forth above necessarily caused injury to The Rices.

37. The representations, acts, and omission of material fact made by Porter to The Rices that are set forth above were done without just cause or excuse.

### COUNT 1: 11 U.S.C. § 523(a)(2)(A)

38. The Rices repeats and realleges paragraphs 1-37 above as though fully set forth herein.

39. The debt arising from the money Porter obtained from The Rices by false pretenses, false representations, and/or actual fraud related to the Agreement to Sell Real Estate is a nondischargeable debt of Porter pursuant to 11 U.S.C. § 523(a)(2)(A).

40. The debt is a nondischargeable debt of Porter pursuant to 11 U.S.C. § 523(a)(2)(A).

### COUNT 2: 11 U.S.C. § 523(a)(4)

41. The Rices repeats and realleges paragraphs 1-40 above as though fully set forth herein.

42. The debt arising from the failure to return the earnest money to the Rices is a result of defalcation while acting in a fiduciary capacity, and is a nondischargeable debt of Porter pursuant to 11 U.S.C. § 523(a)(4).

43. The debt is a nondischargeable debt of Porter pursuant to 11 U.S.C. § 523(a)(24).

WHEREFORE, The Rices prays that this Court:

a) Enter an Order against Defendant, declaring the debt in the amount of

$20,000.00 as non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A);

b) Enter an Order against Defendant, declaring the debt in the amount of $20,000.00 as non-dischargeable pursuant to 11 U.S.C. § 523(a)(4);

c) Tax all Court costs including attorney's fees against Defendant; and

d) For such further Relief as is just and proper.

This __5th__ day of January, 2018.

Respectfully submitted,

By: /s/ *Charles E. Nye*
Charles E. Nye
GA State Bar No. 521322
Attorney for Plaintiff

P.O. Drawer 1330
Bremen, GA 30110
(770) 537-5848
(771) 537-3899 (facsimile)
cnye@jwitcher.com E-mail