IN THE UNITED STATES BANCRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| IN RE:<br>PATRICIA J. PORTER<br>    Debtor, | CHAPTER 7<br><br>CASE NO. 17-42346-BEM |
| EDWARD SCOTT AND<br>MARY RICE,<br><br>    Plaintiffs,<br>Vs.<br><br>PATRICIA J. PORTER<br>    Defendant | ADVERSARY PROCEEDING<br><br>NO. 18-4001-BEM<br><br>[Corrected Case Number] |

**ANSWER**

Comes now the Defendant, Patricia J. Porter and hereby files this Answer in response to Plaintiff Edward Scott and Mary Rice's Complaint as follows:

1. The allegation contained in paragraph 1 of plaintiff's complaint is admitted.

2. The allegation contained in paragraph 2 of plaintiff's complaint is admitted.

3. The allegation contained in paragraph 3 of plaintiff's complaint is admitted.

4. The allegation contained in paragraph 4 are admitted as to Plaintiff's residency, the remaining allegations are denied.

5. The allegation contained in paragraph 5 of plaintiff's complaint is admitted.

6. The allegation contained in paragraph 6 of plaintiff's complaint is admitted.

7. The allegation contained in paragraph 7 of plaintiff's complaint is admitted.

8. The allegation contained in paragraph 8 of plaintiff's complaint is admitted.

9. The allegation contained in paragraph 9 of plaintiff's complaint is admitted.

10. The allegation contained in paragraph 10 of plaintiff's complaint is admitted.

11. The allegation contained in paragraph 11 of plaintiff's complaint is admitted, the Agreement to Sell Real Estate Contract speaks for itself.

12. The allegation contained in paragraph 12 of plaintiff's complaint is admitted.

13. The allegation contained in paragraph 13 of plaintiff's complaint is denied, in that Defendant acknowledges the claim asserted by Plaintiff but posits they are not entitled to relief.

14. The allegation contained in paragraph 14 of plaintiff's complaint is denied.

15. Paragraph 15, of the compliant states or otherwise asserts a legal conclusion which Defendant is without sufficient knowledge or information to form a belief or otherwise requires no response from the Defendant.

16. The allegation contained in paragraph 16 is denied, in that Plaintiffs occupied the subject Property without paying rent for fifteen months benefitting from a cumulative rent market value of $25,500 throughout the above period, owing Defendant a sum in excess of their $20,000 earnest money reimbursement claim. Plaintiffs occupied the Property withholding rent payments at a market rate of $1,500 per month for ten months pre-petition and five months after the Petition Date on October 4, 2017.

17. The allegation contained in paragraph 17 is denied.

18. The allegation contained in paragraph 18 is denied.

19. The allegation contained in paragraph 19 is denied.

20. The allegation contained in paragraph 20 is denied.

21. The allegation contained in paragraph 21 is denied.

22. The allegation contained in paragraph 22 is denied.

23. The allegation contained in paragraph 23 is denied.

24. The allegation contained in paragraph 24 is denied.

25. Paragraph 25 of plaintiff's compliant states a legal conclusion which Defendant is without sufficient knowledge or information to form a belief and therefore said allegations are denied.

26. Paragraph 26 of plaintiff's compliant states a legal conclusion which Defendant is without sufficient knowledge or information to form a belief and therefore said allegations are denied.

27. Paragraph 27 of plaintiff's compliant states a legal conclusion which Defendant is without sufficient knowledge or information to form a belief and therefore said allegations are denied.

28. Paragraph 28 of plaintiff's compliant states a legal conclusion which Defendant is without sufficient knowledge or information to form a belief and therefore said allegations are denied.

29. Paragraph 29 of plaintiff's compliant states a legal conclusion which Defendant is without sufficient knowledge or information to form a belief and therefore said allegations are denied.

30. The allegation contained in paragraph 30 is denied.

31. The allegation contained in paragraph 31 is denied.

32. The allegation contained in paragraph 32 is denied.

33. The allegation contained in paragraph 33 is denied.

34. The allegation contained in paragraph 34 is denied.

35. The allegation contained in paragraph 35 is denied.

36. The allegation contained in paragraph 36 is denied.

37. The allegation contained in paragraph 37 is denied.

38. The allegation contained in paragraph 38 is denied.

39. The allegation contained in paragraph 39 is denied.

40. The allegation contained in paragraph 40 is denied.

41. The allegation contained in paragraph 41 is denied.

42. The allegation contained in paragraph 42 is denied.

43. The allegation contained in paragraph 43 is denied.

44. All allegations not heretofore admitted or denied are now fully and specifically denied.

This 5th day of April 2018.

[Refiled with proper case number on December 20, 2018]

/s/ Howard P. Slomka
Howard Slomka, Esq.
Georgia Bar # 652875
Slipakoff and Slomka, P.C.
2859 Paces Ferry Road, SE. Suite 1700
Atlanta, GA 30339
Tel. 404-800-4001
hs@myatllaw.com

# IN THE UNITED STATES BANCRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | |
|---|---|
| IN RE:<br>PATRICIA J. PORTER<br>    Debtor, | CHAPTER 7<br><br>CASE NO. 17-42346-BEM |
| EDWARD SCOTT AND<br>MARY RICE,<br><br>    Plaintiffs,<br>Vs.<br><br>PATRICIA J. PORTER<br>    Defendant | ADVERSARY PROCEEDING<br><br>NO. 18-4001-BEM<br><br>    [Corrected Case Number] |

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been served upon all those who receive service through the Court's electronic filing and noticing system, as follows:

Charles E. Nye, Esq.
P.O. Drawer 1330
Bremen, GA 30110
(770) 537-5848
cnye@jwitcher.com
Attorney for Plaintiff

Dated this 20th day of December 2018.

/s/ Howard P. Slomka
Howard Slomka, Esq.
Slipakoff and Slomka, P.C.
2859 Paces Ferry Road, SE. Suite 1700
Atlanta, GA 30339
Tel. 404-800-4001
hs@myatllaw.com